Judge" Hitchcock
delivered the opinion of the court:
As the principles involved in this case are very important, we-have bestowed upon it all the deliberation which that importance seemed to require, and, after the most careful examination, are not. able to discover that there is anything erroneous in the decree.
In the opinion expressed by the court, on the trial in the original case, we concur so far as that opinion is decisive of any point, and it is unnecessary at this time to go into a course of argument-to prove the correctness of the decision.
In that opinion, some doubt is expressed whether this court could with propriety interfere to restrain the canal commissioners from-Withdrawing more water from Mad river than what was necessary for canal purposes. Upon *that point I have no doubt. The canal commissioners are authorized to take private property- *357 for the use of that work, but it must be done in such a manner as to do the proprietor no “ unnecessary damage.” It is for the'purposes of the canal alone that they can take it. And if they attempt to go beyond this, it is within the jurisdiction of this court to restrain them.
Although the law authorizes them, in some cases, to dispose of the water, for hydraulic purposes, with a view to raise a revenue to aid in defraying the expense of this work, still this relates only to the water which is necessary for the navigation of the canal, and which can be used for these other purposes without interfering with that navigation. It does not authorize them to receiv© ,a surplus quantity of water into the canal, that they may dispose of it, especially when an injury should be thereby done to an individual. Private property can only be taken by the government or its agent, when necessary for the “public welfare,” and in such case compensation must be made.
A riparian proprietor possesses the same right.to the use of the water flowing through his land that he does to the land itself. The water itself is hot his. It is the use. And in this use he can not be disturbed by an adjoining proprietor, either above or below him. Neither can he with impunity interfere with the right of such proprietor. Of this right he maybe deprived, if the “ public welfare ” require it, so far as that public welfare does require, he first having been compensated for the injury.
When the water was taken from the river at Dayton to feed the canal, the complainants were deprived of a right. And for this they did, or might have received a compensation. But they can not follow this water in the canal and make use of it for waterworks wherever a convenient site may offer. And this, because they have no exclusive property in the water, but in its use while flowing over their land. When withdrawn from the river, its natural channel, and flowing in the canal, this use is vested in the state, and may be disposed of by her agents, so that the navigation is not impeded.
*But as the public welfare does not require that any more should be withdrawn from the river than is necessary for the navigation of the canal, no more can be taken; and should an attempt be made to take more, this court might prevent it by injunction.
In the opinion of the court' which originally heard this case; *358 there was no evidence that any surplus water was withdrawn', from the river, and we entertain the same opinion.
The bill is dismissed at the costs of the complainants.