**Staunton.**

CITY OF CHARLOTTESVILLE V. S. P. & E. S. MAURY.

SEPTEMBER 22, 1898.

1. CONDEMNATION PROCEEDINGS—*Power to Condemn Fee—Condemnation of Water Rights.*—Where a statute has defined what interest or estate may be taken under condemnation proceedings, no less interest or estate than that specified can be so taken.   Under a power to condemn the fee in lands, the right to condemn merely the use of water flowing through the land cannot be exercised.
2. EMINENT DOMAIN—*How Power Exercised—General Law—Special Acts—Strict Construction.*—The right of eminent domain must be exercised in the manner and upon the terms and conditions prescribed by the act conferring the power.   If the power be conferred by the charter of a corporation, or by special act, it is still to be exercised in accordance with the general law on the subject, unless a contrary intent clearly appears, or is necessarily implied in the special legislation.   Statutes which encroach on the personal or property rights of the individual are to be strictly construed.

Error to a judgment of the Circuit Court of Albemarle county rendered July 21, 1898, in a condemnation proceeding wherein the plaintiff in error was the plaintiff, and the defendants in error and others were the defendants.

*Affirmed.*

The opinion states the case.

*Geo. Perkins*, for the plaintiff in error.

*Daniel Harmon*, for the defendant in error.

BUCHANAN, J., delivered the opinion of the court.

The defendants are the owners of a small parcel of land lying on both sides of Reservoir creek, in the county of Albemarle, below the point where the city of Charlottesville proposes to divert that stream for the purpose of increasing its water supply. That creek and two others which flow into the mill-pond of the defendants supply the power with which they operate their grist mill, located on the land.

These proceedings were instituted by the city council in the County Court of Albemarle county for the purpose, among others, of condemning for its purposes the rights of the defendants in Reservoir creek, and orders were entered therein, which, if valid, resulted in their condemnation. Those orders, upon a writ of error to the Circuit Court, were reversed, upon the ground that the County Court was without jurisdiction, under the charter of the city, to condemn or appropriate the property rights of the defendants in the water alone of Reservoir creek without condemning the land through which it flowed, or some part of it. To that judgment of the Circuit Court this writ of error was awarded.

The authority relied on by the city for condemning the defendants' rights in the creek is found in section 38 of its charter. Acts 1891-2, p. 1013. By that section the city is authorized to erect suitable dams and reservoirs, and to lay suitable pipes to furnish the city with an adequate supply of water, and also to establish and construct a sewerage system for the city, and " for such purposes to acquire, either by purchase or condemnation, according to the provisions of the general law for the condemnation of lands by incorporated cities, such lands and so much thereof as may be necessary for the aforesaid purposes."

The general law in accordance with which the lands were to be condemned, so far as applicable to this case, is found in chapter 46 of the Code, and provides, among other things, that if the council of a city cannot agree on the terms of purchase with those entitled to lands wanted for its purposes, they can

have commissioners appointed to ascertain and report what will be a just compensation for such part of the land as is taken, and the damage to the residue of the tract beyond the peculiar benefits to such residue from the work to be constructed. Upon the confirmation of their report, it is provided that the sum so ascertained may be paid to the parties entitled thereto, or into court, and that upon such payment the title to that part of the land for which such compensation is allowed shall be absolutely vested in the city (or other corporation authorized to condemn lands) in fee-simple, except in the case of a turnpike company where a sufficient right of way only for the purposes of such company shall be vested. Code, sec. 1079. . It is well settled, where the Legislature has defined the interest or estate which shall be taken under condemnation proceedings, that no less interest or estate than that specified can be taken. Lewis on Eminent Domain, sec. 278 ; Randolph on Eminent Domain, sec. 203.

This question was directly presented and decided by this court in the case of *Roanoke City* v. *Berkowitz,* 80 Va. 616. In that case the city of Roanoke instituted proceedings to condemn lands in order that it might, for sanitary purposes, drain a portion of its territory, and straighten the course of a small stream. The commissioners reported that if the city was required to condemn the fee in the lands of Berkowitz his damages would be $1,000, but if it was only required to condemn the use of his land his damages would only be $200. The court, Judge Lewis delivering the opinion, held that nothing less than the fee could be taken, and, in commenting upon sec. 11 of chapter 56 of the Code of 1873, which is the same as sec. 1079 of the Code of 1887, said: " It is difficult to see how language could be plainer or less liable to misconstruction. The requirement is imperative that *the fee* shall be vested except in the single case of a turnpike company, where an easement only is required, and the exception proves the universality of the rule which is intended to be prescribed."

There is nothing in the charter which authorizes an easement in the land, or any other interest less than the fee, to be condemned. On the contrary, it provides that the condemnation must be in accordance with the provisions of the general law which requires the fee to be taken and paid for.

It may be true, as counsel for the city earnestly contend, that it is a great hardship upon the city to be compelled to condemn and pay for property which it does not need in order to get what is necessary for its purposes. This is an argument more properly addressed to the Legislature than to the courts. Whilst all private property is held subject to the right of eminent domain, that power lies dormant in the State until called into action by the law-making power, and then it can only be exercised in the manner, and upon the conditions and terms, prescribed by the Legislature. If the right to exercise that power is conferred upon a corporation by its charter or a special statute, it must be exercised in accordance with the general law upon the subject, unless a contrary intention clearly appears, for it will not be presumed that the Legislature intended to change that policy (which policy is shown by its general law), further than is expressly provided, or necessarily implied in the special legislation.

There is no better settled rule of law than this, that statutes which encroach on the personal or property rights of the individual are to be strictly construed, and this is specially the case where it is claimed that the statute delegates to a corporation, whether municipal or private, the right of eminent domain, one of the highest powers of sovereignty pertaining to the State itself, and interfering seriously, and oftentimes vexatiously, with the ordinary rights of property. Cooley on Const. Lim. 660; *A. & F. R. Co.* v. *A. & W. R. Co.*, 75 Va. 780; Lewis on Eminent Domain, secs. 253–4.

We are of opinion that there is no error in the judgment of the Circuit Court, and that it must be affirmed.

*Affirmed.*