Syllabus.

# Richmond.

## PAINTER AND ANOTHER V. ST. CLAIR AND OTHERS.

### FEBRUARY 8, 1900.

1. APPEAL AND ERROR—*Roads—Injunction—Condemnation Proceedings.*— Whether or not an act of Assembly authorizing the establishment of public roads, and which allows appeals to this court on questions of law only, is constitutional, does not arise on an appeal from a decree dissolving an injunction to proceedings under the act, as it is not an appeal from any judgment pronounced in condemnation proceedings under the act.

2. EMINENT DOMAIN—*Where Resident—How Exercised—Restraints—"Due Process"—Acts 1897-'8, page 97.*—The right of eminent domain is incident to sovereignty. It is resident in the Legislature, which may exercise it either directly or through such agencies as it may select. The only constitutional restraint upon its exercise is that just compensation shall be made. Its exercise within this limitation is itself "due process of law." The time, manner, and occasion of its exercise, directly or indirectly, within the limitation stated, is within the legislative discretion. The act of Assembly enacting a special road law for Pulaski county (Acts 1897-'8, page 97) does not authorize the taking of private property without "due process of law," and is not unconstitutional on that ground.

3. EMINENT DOMAIN—*Delegation of Power—Strictly Construed—Case in Judgment—Road Law.*—Acts conferring the power to exercise the right of eminent domain are to be construed strictly, and the manner of executing the authority conferred must be carefully observed and followed. In the case in judgment, involving the execution of the special road law for Pulaski county, this has not been done. The supervisors of the county are *ex-officio* members of the road commission, and no further qualification of them is required, but the road commission which established the road was not constituted as required by the act. A part of the commission from Pulaski District being disqualified, the whole commission, and not merely a part thereof, should have been taken from an adjacent district.

Appeal from a decree of the Circuit Court of Pulaski county, pronounced October 29, 1898, in a suit in chancery wherein appellants and another were the complainants and the appellees were the defendants.

*Reversed.*

The opinion states the case.

*J. C. Wysor,* for the appellants.

*D. S. Pollock,* for the appellees.

KEITH, P., delivered the opinion of the court.

The appellees, claiming to exercise authority as road commissioners under a statute to be found in the Acts of Assembly of 1897-'8, page 97, entered upon the lands of appellants, located a road, assessed the damages, and made their report to the County Court of Pulaski, which sets forth the route proposed to be condemned, and the compensation to be made the land-owners. The County Court ordered this report to be recorded, and directed its clerk "to issue notice to the several land-owners over whose land the said road is established, and place the same in the hands of the sheriff of this county to be executed." The notice referred to is as follows:

*"To J. B. Painter and Others:*

" You are hereby notified that C. R. St. Clair, R. G. Morgan and James M. Morris, commissioners for the purpose, have located a new road, beginning at a point in the public road known as the Pepper's Ferry road, 100 feet south of B. F. Morehead's residence, and running thence over the lands of the above named parties to the public road known as the Alum Spring road; said commissioners assessing the damages to the several parties over whose land said road is located, as follows: To J. B. Painter, $242," and various sums to other parties in interest.

This notice was duly executed by the sheriff of Pulaski county. Thereupon Painter and others filed their bill, praying an injunction, which was awarded, to any further "proceedings upon the part of the road commissioners." This bill was answered by the defendants, proofs were submitted, and a final decree entered dissolving the injunction and dismissing the bill, whereupon an appeal was allowed by one of the judges of this court.

Appellants insist that the special road law of Pulaski county is unconstitutional in at least two particulars: First, that it provides for an appeal to this court in condemnation proceedings only upon questions of law; whereas the Constitution clothes this court with appellate jurisdiction upon all questions "concerning a mill, roadway, ferry, or landing."

It is a sufficient answer to this contention to say that it cannot arise upon this record. Appellants are not prosecuting, or attempting to prosecute, an appeal from the judgment pronounced in the proceedings by which their lands were taken, and it will be time enough to consider whether the right to such an appeal exists, or, if denied, the degree in which other provisions of the law are thereby affected, when such a case is properly before us.

The act is also assailed as unconstitutional in that it takes the property of the citizen without "due process of law." The power of eminent domain is an incident of sovereignty. It is vested in the Legislature, and it can only be set in motion by virtue of legislative enactment, by which the time, manner, and occasion of its exercise are directed and controlled, except as restrained by the Constitution. The Legislature is clothed with exclusive authority to determine when the necessity exists for exercising the power. It may exercise it directly, or it may select such agencies as it pleases, and confer upon them the right, subject only to the limitations contained in the Constitution, and with respect to it "due process of law" only requires that it shall be exercised in subordination to the established principle

that private property cannot be taken for public use without the consent of the owner, save upon payment to him of just compensation. 10 Amer. & Eng. Enc. of Law (2d ed.), 309; *Chicago & R. Co.* v. *Chicago,* 166 U. S. 226; Lewis on Eminent Domain, secs. 237, 238, 240, 242, 253, 254.

" The right of private property is unassailable, under the Constitution, except by due process of law. The exercise of the right and power of eminent domain is 'due process of law,' if the established conditions of its exercise are observed." *Barr* v. *New Brunswick,* 67 Fed. Rep. 402.

The only limitation upon the power of the State in the exercise of the right of eminent domain being that just compensation must be made, we are of opinion that the act in question is not repugnant to the Constitution, for it does provide an adequate mode by which compensation to the citizen for the property taken is to be ascertained.

While, as we have seen, the State can operate through such agencies as it pleases, and confer upon them the right to take private property, statutes conferring such power are strictly construed, and the authority given must be carefully observed and followed.

Several particulars are pointed out by appellants, in which it is alleged that the terms of the road law of Pulaski, under which appellees acted, have not been complied with. The statute provides that, for purposes of opening, repairing, locating and closing roads, there shall be created a board of road commissioners, to be composed of two members from each magisterial district, one of whom shall be the supervisor of said district, and by virtue thereof chairman of the district board, the other to be a freeholder of the district for which they serve.

In the third section, it is provided that "each and every commissioner under this act shall qualify, and, upon his qualification, shall execute a good and sufficient bond before the court

or judge before whom he qualifies, with surety to be approved by such judge or court."

It appears that the supervisor of the district did not qualify as road commissioner, but acted by virtue of his qualification as supervisor. The act is to be read as a whole, and its various provisions harmonized, if that can be done by any reasonable construction. The first section provides for a " board of road commissioners," one of whom shall be the supervisor of his district, and by virtue thereof chairman of the district board. The third section provides for the election of a "road commissioner," and he is directed to qualify as other district officers are required by law to do. It seems plain from this that the supervisor is, by virtue of his office as such, and without additional qualifications, a member of the road commission of his district; but the road commissioner must qualify as such before he is authorized to act.

In the fifth section of the act it is provided that a road may be opened, changed, or discontinued upon the written petition of not less than five freeholders of the district in which it is situated. The application, properly signed, is to be presented to the chairman of the board of supervisors, whose duty it then becomes to summon the two members of the road commission from whose district the application has been made, the members of any other district to be affected thereby, and the county engineer, who together shall view the road to be made, altered, or discontinued, and report according to their judgment. When the members of such district road commission, or either of them, is personally interested in the opening or location of such road, or is the owner of or interested in the lands, or any portion thereof, or is related to any person so interested, "the chairman of the board of supervisors shall summon the road commission from the nearest district in which the commissioners may have no such interest or relationship, and such adjoining road district

commission shall proceed as herein provided upon such application."

In the case before us it appears from the proof that one of the road commission of Pulaski District, the only district to be affected ·by establishing the proposed road, was disqualified by reason of interest, and the chairman of the Board of Supervisors summoned the supervisor of Newbern District to act in the place of the road commissioner of Pulaski District. This, it is claimed, he had no authority to do. If the road commission of Pulaski District was for any cause disqualified, it is contended that the road commission—that is, both commissioners composing the board—should be summoned from one of the adjoining districts, but that there was no authority of law to take the supervisor from the one district, the road commissioner from another, and thus to constitute an acting road commission for Pulaski District. We are of opinion that this claim is well founded. So the law is written, and its provisions must be complied with before the property of the citizen can be taken for the public use.

" So high a prerogative as that of divesting one's estate against his will should only be exercised where the plain letter of the law permits it, and under a careful observance of the formalities prescribed for the owner's protection." Cooley on Con. Lim. (5th ed.), p. 657.

The decree of the Circuit Court must be reversed, and such decree rendered as that court should have entered.

*Reversed.*