## 𝕽𝖎𝖈𝖍𝖒𝖔𝖓𝖉.

CORE v. CITY OF NORFOLK.

FEBRUARY 7, 1901.

1. CONDEMNATION PROCEEDINGS—*Effort to Purchase—Condition Precedent.*
A city council, in Virginia, has no power to institute, and the
courts no jurisdiction to entertain, any proceeding to condemn
lands wanted for the purposes of the city, until after the council
has made an unsuccessful attempt to purchase them from the
owner. This is in the nature of a condition precedent, and com-
pliance therewith must affirmatively appear in the proceedings.
Code, sec. 1074.

2. CONDEMNATION PROCEEDINGS—*Effort to Purchase—Preliminary Corre-
spondence.*—Before instituting condemnation proceedings, it is the
duty of a city council, after it has determined to open or extend
a street, to make a *bona fide* effort to agree with the owner of lands
needed for the street for the land wanted. Preliminary correspond-
ence to ascertain the price of the land, before it has been determined
to open or extend the street, is not a sufficient compliance with
section 1074 of the Code.

Error to a judgment of the Corporation Court of the city of
Norfolk, rendered August 22, 1899, in a condemnation pro-
ceeding, wherein the defendant in error was the plaintiff, and the
plaintiff in error was the defendant.

*Reversed.*

The opinion states the case.

*Walke & Old,* for the plaintiff in error.

*Walter H. Taylor,* for the defendant in error.

BUCHANAN, J., delivered the opinion of the court.

These proceedings were instituted under chapter 46 of the

Code by the Common and Select Councils of the city of Norfolk for the purpose of condemning certain lands of the plaintiff in error for its uses as a street.

By section 1074 of that chapter it is provided that "if  *   *  the council of a city  *   *   *  cannot agree on the terms of purchase with those entitled to lands wanted" for its purposes, it may institute condemnation proceedings in the proper courts.

Under the provisions of that section, the councils of the city of Norfolk had no authority to institute, and the court had no jurisdiction to entertain, any proceedings to condemn the lands wanted, until after the councils had made an attempt to purchase them from the plaintiff in error, and the parties had been unable to agree upon terms of purchase. This is conceded by counsel for the defendant in error, but if it were not, it is well settled that such provisions are regarded as in the nature of conditions precedent, which are not only to be observed and complied with before the courts can exercise their compulsory powers to deprive the owner of his land, but the party instituting such proceedings must show affirmatively such compliance. Cooley on Con. Lim. (6th ed.), 648-9; Lewis on Eminent Domain, sec. 301; Mills on Eminent Domain, sec. 105. See *Charlottesville* v. *Maury,* 96 Va. 383, 386; *Painter* v. *St. Clair,* 98 Va. 85.

The plaintiff in error, in the inception of the proceedings, denied that the councils of the city had made any *bona fide* effort to agree upon the terms of purchase for his lands, and objected to the appointment of commissioners, but the court, after hearing evidence, overruled his objection. This action of the court is assigned as error.

It appears that, at a meeting of the councils some days prior to the 4th of March, 1899, the following resolution was passed:

"Whereas, it *may be deemed expedient* by the councils of the city of Norfolk to open and extend Tripoli street from the northern side of Wolf street to the southern side of Freemason

street, between Brewer and Granby streets, as shown on a map drawn by W. E. Brooke, city engineer; and

" Whereas, the councils are desirous of knowing at what price so much of the real estate in said city, as is not offered by the owners thereof to be donated, may be obtained which will be necessary to extend, lay out and open said street, in order that they may determine whether to acquire the same by purchase or by condemnation; *if either be expedient:* therefore be it

"*Resolved,* by the Common and Select Councils of the city of Norfolk, That the Board of Street, Sewer and Drain Commissioners are hereby instructed to find out who are the owners of the said property necessary to extend Tripoli street, as shown on said map, from the northern side of Wolf street to the southern side of Freemason street, between Brewer and Granby streets, and that they confer with such owners in regard to the city obtaining the necessary property either by purchase or donation.

"And that the said board are directed to report to the councils as soon as convenient who are the owners of such property, and at what price it, or any portion thereof, may be obtained."

Pursuant to that resolution, the Board of Street, Sewer and Drain Commissioners made the inquiries directed, and reported the result to the councils of the city. After securing that information the councils passed the following resolution:

" Whereas, it is deemed expedient by the councils of the city of Norfolk to open Tripoli street sixty feet wide from Wolf street to Bute street, as shown on a map in the city engineer's office, called ' Plan of proposed extension of Tripoli street'; and

" Whereas, the councils of the city of Norfolk cannot agree on the terms of purchase with those entitled to the land necessary to so open Tripoli street as aforesaid, except with Dr. Livius Lankford, R. A. Dodson and C. M. Ferguson, for the lands owned by them, respectively: therefore be it

"*Resolved*, by the Common and Select Councils of the city of Norfolk (a majority of the members elected to each council concurring), That the city of Norfolk, for the purpose of so opening Tripoli street as aforesaid, do proceed at once to institute condemnation proceedings for all the property described, as follows."

After the councils had decided that it was expedient to open and extend Tripoli street, and had determined to acquire the lands wanted for that purpose, no effort was made to purchase the lands of the plaintiff in error.

The correspondence between the Board of Street, Sewer and Drain Commissioners and the plaintiff in error, under the "resolution of expediency," is relied on to show that the councils had made an effort to purchase the lands of the plaintiffs in error, and that they could not agree upon the terms of purchase. But that is clearly insufficient to show a compliance with the statute. At that time the councils had neither the right nor the desire to acquire the lands, for they had not yet determined to open and extend the street. The object of that correspondence was not to agree upon terms of purchase, but to get information as to the probable costs of opening and extending the street, so as to enable the councils to pass upon the expediency of making the improvement. It was the duty of the councils, after determining to open and extend the street, to make a *bona fide* effort to agree upon terms of purchase with the plaintiff in error for the lands wanted. Having failed to do this, the Corporation Court was without jurisdiction, and should have sustained the objection of the plaintiff in error to the appointment of commissioners, and dismissed the proceedings.

The judgment complained of must be reversed, and the proceedings be set aside, and this court will enter such order of dismissal as the Corporation Court ought to have entered.

*Reversed.*