# Staunton.

## Clear Creek Water Co., Incorporated v. Gladeville Improvement Co.

### September 12, 1907.

1. Eminent Domain—*Water Apart from Land—Virginia Statutes—Interest and Estate in Land.*—Under the present statute law of this State (Code, 1904, Ch. 46 B), a public service corporation having authority to condemn "lands, water, water rights, or any other property, and any estate or interest therein for its uses and purposes," may, as against a lower riparian owner, condemn the entire estate of such owner in the water of a stream without condemning the bed of the stream over which the water flows. If such owner owns the fee-simple estate in the land, his riparian rights in the water flowing through it are appurtenant and co-extensive with that estate, and no less estate in the water can be condemned. The water flowing through the land is an *interest* in the land, and nothing less than the owner's whole *estate* in this interest can be condemned, but it is not necessary to condemn his whole interest in the land in order to acquire the water.

2. Eminent Domain—*Water Apart from Land—Compensation.*—Interests in water, as well as in land, are subject to the law of eminent domain. Such interests are indispensable to water companies, and, when the waters of a stream are diverted, the inferior riparian proprietor is entitled to compensation for the use of the water of which he is deprived.

Error to a judgment of the Circuit Court of Wise county, in a condemnation proceeding. Judgment for the defendant. Plaintiff assigns error.

*Reversed.*

The opinion states the case.

*Bullit & Kelly* and *John W. Chawkley,* for the plaintiff in error.

*Vicars & Peery,* for the defendant in error.

WHITTLE, J., delivered the opinion of the court.

The plaintiff in error, the Clear Creek Water Company, Incorporated, a public service corporation, having authority to condemn lands, water, water rights, or any other property, and any estate or interest therein for its uses and purposes, filed its petition in the Circuit Court of Wise county against the defendant in error, the Gladeville Improvement Company, an inferior riparian proprietor, under Ch. 46 B, Va. Code, 1904, for the purpose of condemning certain riparian rights of the defendant in error in Clear Creek, by intercepting and diverting all the waters in said creek and the two main forks thereof (or as much as would flow through a 12-inch pipe) into and through the plaintiff in error's pipe line at the point of its proposed intake, dams and reservoir, above the lands of the defendant in error, to supply the inhabitants of the town of Norton with water for domestic purposes.

There was a demurrer to the petition, and the Circuit Court "being of opinion that the law does not authorize a water company to condemn a water right only, but that it must, if it condemns at all, condemn the whole interest owned by the defendant, that is, the land itself," sustained the demurrer, and dismissed the petition.

That this ruling is a correct exposition of the law as it was under the Codes of 1873 (Ch. 56, s. 11) and 1887 (Ch. 46, s. 1079) is admitted. Indeed, the provisions referred to (which are identical), were so construed by this court in the cases of *City of Roanoke* v. *Berkowitz,* 80 Va. 616, and *City of Charlottesville* v. *Maury,* 96 Va. 383, 31 S. E. 520. In the latter case the court observes: "It may be true, as counsel for the

city earnestly contend, that it is a great hardship upon the city to be compelled to condemn and pay for property which it does not need, in order to get what is necessary for its purposes. This is an argument more properly addressed to the Legislature than the courts."

It is suggested that these decisions accentuated the necessity for a more liberal policy, and induced the Legislature to revise the law and adopt the rule which at present obtains. However that may be, the statutes now in force manifest a legislative purpose to confer upon public service corporations the power to condemn interests in land other than the entire interest, when a partial, and not the entire, interest is needed for the purposes of the corporation.

Thus, the Va. Code, 1904, sec. 1105c., clause 2 (f) authorizes such corporations, "in the manner and subject to the limitations provided by the general statutes . . for the condemnation of land," to condemn for their purposes, "sand, earth, gravel, water, or other material;" and sections 1105f (4) and 1105f (5) prescribe the procedure for condemning any "land or other property, or any interest or estate therein." This phraseology characterizes the various provisions of Ch. 46 B, and differentiates them from the statutes construed in the cases cited.

Section 1079 of the Code of 1887 declares, that upon the payment to the parties entitled thereto, or into court, of the sum ascertained by the commissioners as a just compensation for the land taken, and for damages to the residue of the tract, "the title to that part of the land for which compensation is allowed shall be absolutely vested in the company . . . in fee simple, except in the case of a turnpike company, when a sufficient right of way only for the purposes of said company shall be vested;" while the corresponding provision of the present statute (section 1105f (9), as amended, Acts 1905-6, p. 452), is as follows: "Upon such payment, either to the person entitled thereto or into court, and confirmation of the report, the title

to the part of the land, and to the other property for which compensation is allowed, shall be absolutely vested in the company, in fee simple, except in the case of a turnpike company, when a sufficient right of way only for the purpose of such company shall be used, and except also the case of any other company, when, if the notice of the application to the court shall so specify or describe, and the petition shall so pray, the interest or estate as shall be so specified and prayed for shall be vested. *Nothing in this Act contained shall be construed as authorizing the condemnation of a less estate in the property taken than is owned by the party against whom this proceeding is.*" The italicized words constitute the limitation imposed by the amendment in the Act of 1905-6.

Among other definitions, Bouvier observes that "estate" "signifies the quantity of interest which a person has, from absolute ownership down to naked possession." It is in this sense that the term is employed in the amended Act of 1905-6. It denotes the quantity of interest of the owner in the subject sought to be condemned. Prior thereto it might have been competent to carve an inferior estate (*e. g.* an estate for life or years) out of the fee simple, and to have condemned the lesser estate, leaving the reversion in the owner. The purpose of the amendment was to abolish a provision so obviously unjust to the owner, and to require the condemnation of the entire estate in the property proposed to be taken.

It will be noticed that the word "interest" does not occur in the amendment. So far as the *interest* which may be condemned is concerned, the statute is left intact, the amendment deals only with the *estate.* Authority to condemn interests in "any land, sand, earth, gravel, water, and other material," is left unimpaired, but the entire estate in such parts of these various subjects as is proposed to be taken, whatever that estate may be, must be condemned.

In this instance, the plaintiff in error's water-mains are to connect with a reservoir above, and will not invade the land

of the inferior riparian owner. The company needs to intercept and divert the water of the stream for its purposes, but has no occasion to use the bed of the creek, and may not, therefore, be required to condemn the land over which the water flows. But the defendant in error owns an estate in fee simple in the lower premises, and its riparian rights in the water are appurtenant to and co-extensive with that estate. The condemning company must, therefore, participate in the water of the stream on that basis, and expropriate the perpetual easement of the defendant in error therein.

Interests in water, as well as in land, are subject to the law of eminent domain. *Hamor* v. *Bar Harbor Water Co.*, 78 Me. 127, 3 Atl. 40. Such interests are indispensable to water companies, and when the waters of a stream are diverted, the inferior riparian proprietor is entitled to compensation for the use of the water of which he is deprived. This principle is illustrated by numerous decisions. The following have more or less pertinency to the case in judgment: *Cooper* v. *Williams*, 5 Ohio 391, 24 Am. Dec. 299; *Gilzinger* v. *Saugerties Water Co.*, 66 Hun 173, 21 N. Y. Supp. 121; *Smith* v. *City of Rochester*, 92 N. Y. 463, 44 Am. Rep. 393; *Heilman* v. *Union Canal Co.*, 50 Pa. St. 268; *Stein* v. *Burden*, 24 Ala. 130, 60 Am. Dec. 453; *Burden* v. *Stein*, 27 Ala. 104, 62 Am. Dec. 758; *Trenton Water-Power Co.* v. *Raff*, 36 N. J. Law 335; *Avery* v. *Fox*, Fed. Cas. No. 674, 1 Abb. (U. S.) 246.

The remaining ground of demurrer, based on the alleged insufficiency of the plat, which the statute requires shall accompany the petition, is not sustained by the record, and was properly overruled.

Upon the whole case, we are of opinion that the law on the demurrer to the petition is with the plaintiff in error, and it must, consequently, be overruled and the case remanded for further proceedings.

*Reversed.*