# Wytheville.

## SWANN v. WASHINGTON-SOUTHERN RAILWAY COMPANY.

### June 11, 1908.

1. APPEAL AND ERROR—*Extraneous Evidence—Bill of Exception.*—Assignments of error of a character to be affected by extraneous evidence, which have not been the subject of exception, or bill of exception in the trial court, cannot be availed of on a writ of error from the appellate court.

2. EMINENT DOMAIN—*Easements—Code 1904, Sec. 1105f.*—Under Code, 1904, section 1105f, authorizing the condemnation of "lands or any interest or estate therein, or materials, or other property," an easement of a right of way may be condemned. Such easements are plainly within the intendment of the law.

3. EMINENT DOMAIN—*Alternative Award—Surplusage.*—Where the report of commissioners in a condemnation proceeding fixes the amount of damages to the land owner at a given sum, and then fixes a less sum if the party seeking to condemn will do certain things, the court may strike out the latter alternative as surplusage and confirm the award of the larger sum unconditionally.

4. EMINENT DOMAIN—*Joint Award in Favor of Parties and Strangers.*— Commissioners in condemnation proceedings cannot make a joint award of a given sum in favor of parties to the proceedings and of persons who are not parties and who are strangers in title to the parties and their property. It is beyond the power and jurisdiction of the commissioners and of the court to take cognizance of the property rights of such strangers. An award which goes beyond the submission is not binding on the parties.

5. EMINENT DOMAIN—*Joint Award—Reference to Master—Judgment of Commissioners—Code, 1904, Sec. 1105f (14).*—The provisions of Code, (1904), section 1105f (14), for referring a case to ·a commissioner in chancery to ascertain who is entitled to a fund paid into court and in what proportions, applies only to a fund in which there is a community of interest among the claimants, and not to a case involving distinct properties and ownership where the commissioners have returned a joint award. It was never intended

to substitute the finding of a commissioner in chancery for that of the commissioners in determining the value of the respective properties.

Error to a judgment of the Circuit Court of Alexandria county in a proceeding to condemn an easement in land. Judgment for the petitioner. Defendants assign error.

*Reversed.*

The nature of the property sought to be condemned will fully appear from the following extract from the petition for condemnation filed in the trial court:

"That Sarah S. Swann and Mary M. Swann own a small body of land at the northeast corner of petitioner's land bounded on the north by Four Mile Run, on the east by the Potomac river, and on the south and west by the body of land belonging to your petitioner and acquired by it as aforesaid for the purposes hereinbefore mentioned. That the said Sarah S. Swann and Mary M. Swann have a right of way or passage over certain roads running through your petitioner's land, the location whereof is indicated and shown upon the plat hereto attached and made a part of this petition. That in the construction of your petitioner's said terminal freight yard there will be necessarily built and constructed a great number of railroad tracks, as many as thirty thereof crossing the roads over which the said Sarah S. Swann and Mary M. Swann have the right of way and at different elevations.

"Fourth. That in carrying out the improvements to and changes in its said line of railroad and in the construction of the terminal freight yard, set forth and described in the preceding paragraph, it is necessary to change the location of petitioner's main line of railroad between the city of Alexandria and the south end of the Long bridge in the county of Alexandria and the State of Virginia, and that the estate and interests of the said Sarah S. Swann and Mary M. Swann in the roads hereinbefore mentioned and herein sought to be condemned, is

needed for the purposes aforesaid, and that the interests and estate of the said Sarah S. Swann and Mary M. Swann in the said roads is wanted for the uses and purposes of your said petitioner. That the interests and estate in said roads belong to the said Sarah S. Swann and Mary M. Swann in equal proportions as tenants in common.

"Fifth. That your petitioner desires to acquire the fee-simple title to the estate and interests of the said Sarah S. Swann and Mary M. Swann in and to the roads aforesaid, and the quantity of land so desired and embraced in said roads is about one acre and five tenths of an acre.

"Sixth. That annexed hereto and filed along with this petition there is a plat of the survey of the said roads in which the said Sarah S. Swann and Mary M. Swann have the estate and interests aforesaid, so desirable to be acquired by your petitioner, together with a profile showing the cuts and fills, trestles and bridges and a description of the said roads, the interests and estate in which of the said Sarah S. Swann and Mary M. Swann is sought to be condemned for the uses and purposes of your petitioner.

"Seventh. That the names of the owners of the estate and interests in the road mentioned and described in the said plat, description and profile are Sarah S. Swann and Mary M. Swann, both of whom are residents of the said county of Alexandria and State of Virginia. That your petitioner is in the actual possession of the land constituting the said roads as it owns the fee-simple title thereto, subject to the easement of the said Sarah S. Swann and Mary M. Swann of a right of way over and along said roads.

"Eighth. That your petitioner has been unable to agree upon the price or terms for the said interests and estate of the said Sarah S. Swann and Mary M. Swann in the land constituting the roads aforesaid, although it has made every reasonable effort by negotiation to acquire title to the said property by purchase without a resort to condemnation proceedings."

*Charles I. Simms,* for plaintiff in error.

*Leake & Carter* and *Francis L. Smith,* for the defendant in error.

Whittle, J., delivered the opinion of the court.

Sarah S. Swann and Mary M. Swann bring this case here on writ of error to review the judgment of the Circuit Court of Alexandria county, whereby certain easements of rights of way belonging to the plaintiffs in error over the land of the defendant in error, the Washington-Southern Railway Company, were condemned for the use of the company.

The assignments of error are, for the most part, of a character to be affected by extraneous evidence, and not having been made the subject of exception, or bill of exception, in the trial court, cannot, upon familiar principles, be availed of on appeal. *Lewis* v. *Washington,* 5 Gratt. 270; *Muir* v. *Faulkner,* 10 Gratt. 12; *Mitchell* v. *Thornton,* 21 Gratt. 164; *Ashby* v. *Bell,* 80 Va. 811. We shall, however, notice briefly such of them as do not come within the proscription of the foregoing rule.

Thus, it is contended that a mere easement of right of way is not subject to the law of eminent domain.

The statute in terms embraces "lands, or any interest or estate therein, or materials, or other property," (Va. Code, 1904, sec. 1105f, (3), (4), (5), (6); and "land has been held to include easements * * * and other incorporeal hereditaments, and all rights thereto and interests therein * * * , and to be synonymous with the terms real estate and real property." 2 Bouv. L. Dict. 306. The antecedent section has been quite recently construed by this court, and the wide scope of the statute recognized and maintained. *Clear Creek Water Co.* v. *Gladeville Imp. Co.,* 107 Va. 278, 58 S. E. 586.

Such easements are plainly within the intendment of the law.

The next assignment of error involves the contention that the alternative feature of the report—which fixes the damages at $5,100, if no other way is provided by the railway company as a substitute for those condemned; and at $3,000, if the company shall furnish such other way—renders it null and void, and beyond the power of the court to give effect to the award of the commissioners.

The circuit court rejected so much of the report as contemplates the possible establishment by the company of a new right of way, as surplusage, and adopted and confirmed the award of $5,100, unconditionally.

The practice of striking out part of the commissioners' report as surplusage is approved in *Richmond, &c. Ry. Co.* v. *Chamblin,* 100 Va. 401, 41 S. E. 750, and the sequel to that case found in *Seaboard Air Line Ry.* v. *Chamblin, ante,* p. 42, 60 S. E. 727.

The remaining assignment to be considered points out error apparent upon the face of the record and report, which is highly prejudicial to the rights of the plaintiffs in error.

The petition, which is the foundation of this proceeding, specifically seeks to condemn the easements referred to, comprising a surface area of one acre and a half, belonging to the plaintiffs in error, and no other property rights. Nevertheless, the commissioners, in obedience to the order appointing them, report the following findings: "that for the said interests and estate of the said Sarah S. Swann and Mary M. Swann, and for the other property so taken, $500 will be a just compensation, and the damages to the adjacent and other property of said tenants or owners and to the property of other persons, who will be damaged in their property by reason of the construction and operation of the works of said company, beyond the peculiar benefits that will accrue to such proprietors, respectively, from the construction and operation of such work are $5,100."

It was beyond the power and jurisdiction of the commissioners and the court, under the procedure in this case, to take

cognizance of property rights of persons who are strangers in title to the plaintiffs in error and their property, and not parties to the proceeding, and to make their separate and distinct holdings the subject of a joint award.

The following is a correct statement of the rules applicable to this class of cases: "An award to be good should settle and determine every matter that is submitted. It should be as broad as the submission. If it is not, or if it goes outside of and beyond the submission, it is not binding on the parties. * * * A separate report is not required for each tract of land belonging to the same owner, and one report may embrace awards to different owners, but the amount due each must appear." 15 Cyc. 890, 891, and authorities cited in notes.

The plaintiffs in error objected to the report as a whole in the court below, and this ground of objection not only appears on the face of the proceeding, but affects the jurisdiction of the court, and constitutes good cause for rejecting the report.

Section 1105f (14), it is true, provides for a reference to a commissioner in chancery to enable the court to properly dispose of money paid into court upon the award of commissioners, to which end it may direct inquiries to ascertain what persons are entitled to the fund, and in what proportions. But this enactment applies to funds in which there is community of interest among the claimants (*Williamson* v. *Read,* 106 Va. 453, 56 S. E. 174), and not to a case involving distinct properties and ownership, where the commissioners have returned a joint award. The effect of upholding such action would be to substitute the judgment and finding of the commissioner in chancery for that of the commissioners in determining the essential question of the value of the respective properties—a result which the statute obviously does not contemplate.

This is fundamental error, for which the judgment complained of must be reversed, the report of the commissioners set aside, and the case remanded for further proceedings.

*Reversed.*