I.27 ACRES OF LAND, more or less, 0.05 of an Acre of Land, more or less, I.29 Acres of Land, more or less, I.07 Acres of Land, more or less, I.72 Acres of Land, more or less, 4.07 Acres of Land, more or less, Situate in the City of Wilmington, New Castle County and State of Delaware; the City of Wilmington, Formerly the Mayor and Council of the City of Wilmington, and Unknown Owners, Defendants Below, Appellants,

v.

The STATE of Delaware, Upon the Relation of the State Highway Department, Plaintiff Below, Appellee.

Supreme Court of Delaware.

Jan. 30, 1970.

Clement C. Wood, First Asst. City Sol., Wilmington, for defendant below, appellants.

Aubrey B. Lank, of Theisen, Lank & Kelleher, Wilmington, for plaintiff below, appellee.

WOLCOTT, Chief Justice, and CAREY and HERRMANN, JJ., sitting.

CAREY, Justice.

In this appeal from the Superior Court, the City of Wilmington (City), appellant, seeks the reversal of an order permitting the amendment of the complaint in a condemnation case. The property is being acquired by the State Highway Department (Department) for the construction of Interstate Highway 95. The original complaint called for the acquisition of the fee simple in the several tracts involved; the amendment still avers that Department is taking the fee simple, but "grants" to City

the use of an air space subject to specified terms and conditions concerning its use. The appellant contends that this "grant" of the air space is, in fact, an attempt by Department to acquire something less than the fee simple, although the statute under which the proceedings were brought limits Department to acquisition of the fee simple.

Department has moved to dismiss the appeal on the ground that the order entered in Superior Court is purely a procedural one which determines no substantial right.

The action was instituted under T. 17 Del.C., Subchapter V, enacted in 1956, which permits Department to act in conjunction with the Federal Government in providing controlled-access roads. Section 175 of that subchapter reads in part as follows:

"For the purposes of this subchapter, the Department may acquire private or public property and property rights for controlled-access facilities and service roads, including rights of access, air, view, and light, by gift, devise, purchase, or condemnation in the same manner as such units are now or may, after June 22, 1956, be authorized by law to acquire such property or property rights in connection with highways and streets within its jurisdiction. All property rights acquired under the provisions of this subchapter shall be in fee simple. * * *"

In the construction of Interstate Highway 95, which passes through the City of Wilmington, it was necessary to build a viaduct over Brandywine Park, located in the valley of Brandywine Creek. There are several city streets running through this park on both sides of the creek. The viaduct has been constructed in such manner as to cause minimum interference with the use of those streets.

Before the work was started, City entered into an agreement with Department in which City consented to the construction of the freeway at the sole expense of Department and the Federal Government, it being understood that no part of the cost of construction or maintenance should fall upon City. The contract stated that supplements thereto were contemplated from time to time to deal with specific subjects that might arise during the construction. The parties, however, have been unable to agree as to the amount to be paid City for this land or as to the use of the space under the viaduct.

The Court below, in permitting the amendment to the complaint, indicated that its effect was to "put before the Commissioners at the trial * * * the facts as they actually exist." It stated that, by the change set forth, City may be inconvenienced by being required to maintain more than it anticipated at the outset of the case, or, on the other hand, that City might not receive an award as high as it would if the true picture of the facts should be withheld. The issue raised by City, however, goes much deeper than this, because it questions the existence of any right in Department under this statute to compel City to retain the "air rights" with the accompanying burdens which Department seeks to impose.

The authorities appear to be uniform in holding that a condemnor may take only the amount of property and the quantum of estate or interest permitted by the statute. 3 Nichols on Eminent Domain, § 9.2(1).; 30 C.J.S. Eminent Domain § 450; 26 Am.Jr.2d, Eminent Domain, § 132; Cf. Thomison v. Hillcrest Athletic Ass'n, 9 W.W.Harr. 590, 5 A.2d 236. Under that rule, when the statute provides that a fee simple shall be taken, the condemnor cannot take a lesser estate. United States Pipe-Line Co. v. Delaware, L. & W. R. Co., 62 N.J.Law 254, 41 A. 759; City of Charlottesville v. Maury, 96 Va. 383, 31 S.E. 520. The statute quoted above, upon which the present proceeding is based, provides that property rights acquired thereunder shall be in fee simple, which in Delaware is an unlimited fee; it is clear, therefore, that Department may

not, by condemnation under § 175, acquire from the owner of a fee simple any estate less than that fee.

By the amendment in the present case, Department seeks to acquire an ownership, and unilaterally to force City to retain an easement or servitude, subject to various obligations of City as to its use—an easement or servitude which City does not want, at least under the conditions imposed. Certainly, if Department presently owned the fee simple to the land, it would have no right to force City to accept a conveyance of such a servitude; nothing in the pertinent statute creates that right in condemnation cases. The amendment must therefore be stricken.

In all probability, the ultimate use of the space under the viaduct is a matter which the parties originally thought could be settled by agreement. Their efforts have failed. The situation is unfortunate, but the Court cannot make the agreement for them in this case.

■ Obviously, the determination of appellant's application in the Court below dealt with substantial rights and determined an important issue; it is accordingly an appealable order. Haveg Corporation v. Guyer, Del.Super., 211 A.2d 910.

The order will be reversed and the case remanded with instructions to strike the amendment.