Christian, J.
delivered the opinion of the court.
These cases involving precisely the same question were heard together. They are before the Court on applications made by the parties respectively, for writs of mandamus to compel the second auditor to fund certain bonds' and interest thereon accrued of the State of Virginia, according to the provisions of the act of the General Assembly approved March 30th, 1871, in coupon bonds payable to bearer with coupons receivable at and after maturity for all taxes, debts, dues and demands due the State, as to two-thirds of the principal and interest, &c.
In each case this Court awarded a rule upon the second Auditor to show cause why said writs of mandamus should not issue.
To this rule the secondAuditor answered, “ that there is no law authorizing respondent to fund any of the said *170 ^on<^s *n bonds with coupons receivable for taxes; the act of 1871 having been repealed before the presentation to resPonc^en^ the bonds mentioned in said petitions. He is willing and has been ready and willing to fund sa'rá bonds and coupons into bonds with coupons annexed, but without the receivability clause annexed thereto; c^ass bonds the said parties can get by calling at his office and filing the original bonds and coupons as provided by the act of March 30th, 1871.”
The cases are submitted upon the rules and answer-of the Auditor; which is the same in both cases.
The records show that the petitioners, Wise Bros., presented their bonds to the 2nd Auditor on the 22nd March 1873, and the petitioners Maury & Co., on the 24th March, 1873.
On the 7th March 1872 the Legislature passed the following act:
1. Be it enacted by the Genei’al Assembly of Virginia, that hereafter it shall not b,e lawful for the officers charged with the collection of taxes, or other demands of the State, due now or that shall hereafter become due, to receive in payment thereof, anything else than gold or silver coin, United States treasury notes or notes of the National banks of the United States.
2. All acts and parts of acts inconsistent with this act are hereby repealed.
3. This act shall be in force from and after its passage.
This act is a direct and unconditional repeal of so much of the second section of the act approved March 30th, 1871, entitled “ an act to provide for the funding and payment of the public debt ” as declares that “ the coupons shall be payable semi-annually,and be receiva ble at and after maturity for all taxes, debts, dues and demands, due the State, which shall be so expressed on their face.”,
*171 The act must therefore now be read as if these words were stricken out. And while it is true, as decided by this Court in Antoni v. Wright, Sheriff, 22d 838 Gratt., that those who had come forward and funded their bonds according to the provisions of the act of March 30th, 1871, could not be affected by the act of March 7th, 1872, and that as to them the act was unconstitutional and void, because it impaired the obligation of the contract which the State had entered into with all its citizens, who had cepted the provisions of the former act before the passage of the latter; it is equally clear, that the act of March 7th, 1872, is valid and binding upon all those who did not avail themselves of the provisions of the funding bill, before the passage of that act. The Legislature had the unquestioned right to amend, modify or repeal the act of March 30th, 1871; and those who like the petitioners, delayed the presentation of their bonds until after the passage of the act March 7th, 1872, must be held bound by the provisions of that act.
The court is therefore of opinion that the second auditor was right in the opinion, that “ he had no authority under existing laws, to fund the stock referred to in the manner proposed: to wit, into coupon bonds with coupons attached receivable for taxes fc ;” and that the rules awarded against him having been fully answered, must be dismissed.
Rules dismissed.