# Richmond.

## TRIMBLE v. COMMONWEALTH.

### MARCH 23, 1899.

1. CONSTITUTIONAL LAW—*Act Valid in part and Void in part—Contempts—
   Appeal and Error.*—A statute may be constitutional in some of its pro-
   visions and unconstitutional in others, but if the parts can be so
   separated as that each can stand as the will of the legislature the good
   does not perish with the bad.  Under this rule, the act of February
   26, 1898 (Acts 1897-'8, p. 548), in so far as it allows an appeal to this
   court in cases of contempt, is constitutional.

2. CONTEMPTS—*Disclaimer — Lack of Evidence.*—In a proceeding for con-
   tempt for failure to obey a lawful order of court, in the absence of
   evidence that the act complained of (which rendered obedience impos-
   sible) was done for the purpose of defeating the jurisdiction and au-
   thority of the court, and when the facts shown do not naturally bear
   such an interpretation, upon disclaimer by the defendant of such a
   purpose, he should be discharged.

Error to a judgment of the Corporation Court of the city of
Lynchburg rendered May 4, 1898, in a proceeding for a con-
tempt of court.

*Reversed.*

The opinion states the case.

*H. M. Ford* and *R. D. Yancey*, for the plaintiff in error.

*Attorney-General A. J. Montague*, for the Commonwealth.

KEITH, P., delivered the opinion of the court.

One Susie Fox filed her petition in the Corporation Court
for the city of Lynchburg, alleging that she is the mother of

a female child five years of age, named Lillian May Fox; that she had theretofore placed this child with a certain Ella Trimble to keep and care for during the petitioner's expected absence from the city of Lynchburg, with the understanding that the child would be delivered to her on her return. Ella Trimble refused, upon the mother's demand, to restore the child to her custody, and thereupon this petition was filed praying for a writ of *habeas corpus.* A rule to show cause against the writ was issued, and upon the answer made by Ella Trimble the court entered the following order:

" Upon consideration of the within petition and answer, and the evidence, the court doth remand the child, Lillian May Fox, to the custody of Ella Trimble until the further order of the court.

" May 10, 1897."

On the 22d of March, 1898, the following order was entered in this proceeding:

" It is ordered that the defendant, Ella Trimble, do produce the body of Lillian May Fox in court on the first day of the next term of the said Corporation Court for the city of Lynchburg, and show cause, if any she can, why the said order heretofore made on the said 10th day of May, 1897, should not be revoked."

In compliance with this order Ella Trimble filed her answer, in which she states the proceedings up to that time, and then goes on to say that, when the case was before the court in May, 1897, and the child was remanded to her custody, she understood it to be the wish of the court that she should either place the child in some private family or at a school where it would be properly cared for; that, in order to effect this object, she went with the child to Wake county, N. C., where, at the suggestion of her sister, Mollie Trimble, and acting under the advice of counsel, a guardian, upon motion of her sister, was appointed by the Superior Court of that county; that the child had since been placed with one W. E. Bonner, who the evi-

dence shows to be a kind-hearted, honest, and industrious citizen. Respondent further states that "when she took this child it was in a sick and starving condition—when neither the law nor any person, on its behalf, gave it any attention; that she has spent more than a year of sleepless and anxious nights in watching and coaxing the little spark of vitality into life," and that the child has gradually improved under her care. The answer further avers that she is unable to comply with the mandate of the court to produce the body of the child before it; that she no longer has the care and control of it; that she has no desire to evade the process of the court; and, in an amended answer filed at a subsequent day, she specifically disclaims any contempt of court.

The court certifies in the record that it did not consider either the relator or respondent a suitable person to have the child; that in the summer of 1897 respondent asked if it would be wrong for her to take the child on a short visit to her sister in Raleigh, N. C., and was informed by the judge of the court that it would not be if she would not keep it away; that while on this visit her sister, who is not a proper person to have the child, qualified in a North Carolina court as its guardian, and the child has never returned.

Upon the consideration of the rule, answer and exhibits filed with it, and the facts thus stated by the court, it was of opinion that the answer of Ella Trimble was insufficient, and entered an order that "she be attached until she produces the body of the said child in the proceedings mentioned, before this court, or until the further order of the court." To this judgment a writ of error was awarded.

With respect to some of the questions presented, we refer, without further comment, to the opinion of the court in *Carter's Case*, decided at the present term, which is, so far as applicable to the case, made a part of this opinion.

We are of opinion, however, that the act of the Legislature of 1897–'8, which was in that case adjudged to be unconstitu-

tional in some of its aspects, is a valid statute in so far as it gives this court jurisdiction upon writ of error to review this judgment.

That a statute may be constitutional in part and unconstitutional as to some of its provisions is well settled. See *Homestead Cases*, 22 Gratt. 266; *Wise* v. *Rogers*, 24 Gratt. 169; and *Black* v. *Trower*, 79 Va. at page 127, where it is said:

"It is true that a statute in some of its provisions may be unconstitutional and void, and in others valid and enforceable. But when the valid part is so connected with and dependent on that which is void as that the parts are not distinctly separable, so that each can stand as the will of the Legislature, the whole must fall."

But the converse is equally true, and where the parts may be so separated as that each can stand as the will of the Legislature, the good does not perish with the bad.

We are of opinion that the case is properly before us by virtue of the act of 1897–'8, p. 548.

We gather from the record that plaintiff in error took this child, which had been restored to her custody by the order of May 10, 1897, to North Carolina, with the assent of the Corporation Court of Lynchburg, and with the intention of carrying out a commendable purpose, sanctioned by the court, with respect to this little waif. When in North Carolina, at the suggestion of her sister, and upon her motion, and acting under the advice of counsel, a court of competent jurisdiction in that State was requested to appoint, and did appoint, a guardian for this little child. That guardian seems to have made an arrangement with respect to the child's nurture of a beneficial character, and there is no evidence that in thus acting the respondent did so with the object of defeating the jurisdiction and authority of the Corporation Court of Lynchburg. She disclaims any such purpose, and beyond the facts stated, which do not necessarily, or it may be said, even naturally bear such an interpretation, we are of opinion that the

offence wherewith she was charged has not been established, and that the Corporation Court of Lynchburg erred in the judgment rendered, which is reversed.

*Reversed.*