# Wytheville.

ROBERTSON v. PRESTON, TREASURER, AND OTHERS.

JUNE 29, 1899.

Absent, Riely, J.

1. CONSTITUTIONAL LAW—*Capitation Tax—What May be Levied.*—The constitution limits the amount of capitation tax which may be levied annually by the State to one dollar, and by counties and corporations to fifty cents, for all purposes. The General Assembly has no power to authorize towns and subdivisions of counties and cities to levy a capitation tax. The corporations authorized to levy such tax are cities which have separate governments, and which are not taxed for county purposes.

2. CONSTITUTIONAL LAW—*County School Tax.*—Section 8, Article VIII., of the Constitution confers upon each county the right to levy a tax upon property for the public free schools which the General Assembly has no power to take from it.

3. CONSTITUTIONAL LAW—*Act Void in Part.*—If a part of an Act of Assembly is unconstitutional, that fact does not authorize the courts to declare the other provisions of the act void, unless they are so connected in subject-matter, depending on each other, operating for the same purpose, or otherwise so connected together in meaning that it cannot be presumed that the General Assembly would have enacted the one without the other.

4. CONSTITUTIONAL LAW—*Act Void in Part—Case in Judgment.*—If an Act of Assembly attempts to accomplish two or more objects, and is unconstitutional as to one, it may still be complete in all respects and valid as to the other; but if the purpose of the act is to accomplish a single object only, and some of its provisions are void, the whole must fail unless the remainder of the act is sufficient to effect the object without the aid of that which is invalid. In the case in judgment the school district was given an increased power of taxation for district purposes in consideration of being exempt from taxation by the county for school purposes. The exemptions being void, the increased power of taxation is void also.

Appeal from a decree of the Circuit Court of Washington county, pronounced May 11, 1898, in a suit in chancery, wherein the appellant was the complainant, and the appellee and others were the defendants.

*Reversed.*

The opinion states the case.

*Honaker & Hutton* and *White & Penn*, for the appellant.

*Daniel Trigg* and *Fulkerson, Page & Hurt*, for the appellee.

BUCHANAN, J., delivered the opinion of the court.

The question involved in this case is the validity of sections 6 and 7 of an act approved March 3, 1882, entitled "An act to constitute the town of Abingdon, and a certain portion of the surrounding county, a separate school district." Acts 1881-2, p. 212.

By section 1 of the act it is provided that the town of Abingdon, and so much of the surrounding county as the trustees of the town and Cave City School District shall agree upon, shall constitute a separate school district, to be governed by the general law on the subject, except so far as modified by the provisions of the act.

Section 2 provides for submitting to the qualified voters residing within the proposed school district, but without the corporate limits of the town, the question of agreeing to the provisions of the act.

Section 3 provides that, if a majority of the votes be against agreeing to it, its provisions shall be null and void as to the surrounding county, but valid as to the town; but if such majority be in favor of it, then the town and the surrounding county shall constitute a separate school district, to be known as Cave City School District, and be subject to the following provisions of the act.

Sections 4 and 5 provide how the school trustees are to be selected, and what their powers and duties shall be.

Section 8 provides that the State school fund, to which the district is entitled, shall be turned over to the treasurer of the town of Abingdon.

Sections 6 and 7, the constitutionality of which is denied by the appellant, are as follows:

6. " It shall be the duty of said town of Abingdon to provide for the support of the schools therein by levying a capitation tax of not less than fifty cents, and a *pro rata* tax on real and personal property within said district of not less than ten nor more than thirty cents on every one hundred dollars thereof, to be determined by the school trustees. The said tax shall be collected by such officer, or officers, as shall be appointed or directed by said town council to collect the same, who shall keep a separate account thereof, and disburse the same according to the order, or orders, of said board of trustees; but said separate district shall be exempt from county school tax."

7. " The said town council shall have power from time to time to levy and collect from the property holders of said district such additional tax as may be required in said district; provided, that the total tax so collected in any year shall not exceed three mills on the dollar in any one year."

Under the provisions of section 6, the town council imposed upon the real and personal property within the district a tax of thirty cents on every hundred dollars thereof. Amongst the property thus assessed with tax was that of the appellant, which is within the school district, but outside of the corporate limits of the town. He refused to pay the tax, filed his bill, and obtained an injunction to prevent the sale of property which had been levied upon by the tax collector and advertised for sale for its payment, upon the ground that the tax was unconstitutional and illegal. The Circuit Court dismissed his bill upon demurrer, and from that decree this appeal was allowed.

The first error assigned, and the only one it will be necessary for us to consider in the view we take of the case, is that sections 6 and 7 of that act are unconstitutional and void, so far

as they authorize the town council of Abingdon to levy a tax on the property of citizens of Washington county outside of the corporate limits of the town, and within the limits of Cave City School District.

Section 6 provides that the town of Abingdon may levy, for the support of the schools of that school district, a capitation tax of not less than fifty cents, and a property tax of not less than ten nor more than thirty cents on every hundred dollars of the assessed value thereof, and that the district shall be exempt from county school tax.

So much of that section as provides that a capitation tax may be levied by the town for district school purposes, and declares that the school district shall be exempt from county school tax, is clearly beyond the power of the General Assembly.

By section 5, article 10, of the Constitution, it is provided that the General Assembly may levy a tax not exceeding one dollar *per annum*, on every male citizen who has attained the age of twenty-one years, which shall be applied exclusively in aid of public free schools; and counties and corporations (that is, cities which have separate governments and are not taxed for county purposes), shall have power to impose a capitation tax, not exceeding fifty cents *per annum* for all purposes. That provision of the Constitution limits the amount of capitation tax which may be levied annually to one dollar and fifty cents, for all purposes. The General Assembly has no power to authorize the town and subdivisions of the counties and cities, to levy a capitation tax. If it had, it could do indirectly what it is prohibited from doing directly, and there would be no limit to the capitation tax which might be imposed.

By section 8, article 8, of the Constitution, it is provided that the General Assembly shall apply the annual interest on the literary fund, the capitation tax provided for by the Constitution for public free school purposes, and an annual tax upon the property of the State of not less than one mill nor more

than five mills on the dollar for the equal benefit of the people of the State, the number of children between the ages of five and twenty-one in each public free school district being the basis of such division; and that each county and public free school district may raise additional sums by a tax on property for the support of public free schools, provided the tax authorized by the section to be raised by the counties or school districts shall not exceed five mills on the dollar in any one year.

That section of the Constitution confers upon each county the right to levy a tax upon property for the public free schools, which the General Assembly has no power to take from it.

Section 6 of the act of March 3, 1882, therefore, violates the Constitution in conferring upon the town or school district a right to levy a capitation tax which it had no power to confer, and in depriving the county of Washington of the right to tax the property of the district for county school purposes, a right expressly given it by the Constitution.

The next question to be determined is whether the other provisions of that section, and the provisions of section 7, conceding for the purposes of this case that they are valid, are so connected with or dependent upon those provisions, which the General Assembly had no right to pass, as that the valid provisions must fall with the invalid.

Where a part of an act of assembly is unconstitutional, that fact does not authorize the courts to declare the other provisions of the act void, unless they are so connected in subject matter, depending on each other, operating for the same purpose, or otherwise so connected together in meaning that it cannot be presumed that the General Assembly would have enacted the one without the other. Cooley on Const. Lim. 214, etc.; *Black* v. *Trower*, 79 Va. 123; *Baldwin* v. *Franks*, 120 U. S. 678.

If the act attempts to accomplish two or more objects, and is unconstitutional as to one, it may still be complete in all respects and valid as to the other; but if the purpose of the act is to ac-

complish a single object only, and some of its provisions are void, the whole must fail, unless the remainder of the act is sufficient to effect the object, without the aid of that which is invalid. " If," says Judge Cooley, adopting the language of Chief Justice Shaw, in *Warren* v. *Mayor, &c. of Charlestown,* " they are so mutually connected with and dependent upon each other, as conditions, considerations, and compensations for each other as to warrant the belief that the Legislature intended them as a whole, and if all could not be carried into effect, the Legislature would not pass the residue independently, then, if some parts are unconstitutional, all the provisions which are thus dependent, conditional, or connected must fall with them." Cooley on Const. Lim. (4th ed.), 216, 217; *Warren* v. *Mayor, &c. of Charlestown,* 2 Gray, 84, 99; *Black* v. *Trower,* 79 Va. 123; *Poindexter* v. *Greenhow,* 114 U. S. 270, 305-6; *State* v. *Commissioners of Perry County,* 5 Ohio St. 507; *Slauson* v. *Racine,* 13 Wis. 398.

By sections 2 and 3 of the act of March 3, 1882, the question whether the territory embraced in the school district and lying outside of the corporate limits of the town of Abingdon should constitute a part of the separate school district provided for by the act, was submitted, as before stated, to the voters residing within the district, but without the corporate limits of the town.

One of the inducements held out by section 6 of the act to the voters of the school district, without the corporate limits of the town, to vote in favor of the arrangement was the provision that they would be exempt from the payment of any tax for county school purposes. This exemption was clearly intended as a compensation for the increased taxation which might be imposed upon them for district school purposes, and for their consent to be taxed by the council of the town, a body in whose selection they had no voice. It would naturally influence the voters, and affect the result when the act was submitted to them for their adoption or rejection.

In *State* v. *Commissioners of Perry County*, 5 Ohio St. 507, where a statute submitted to the voters of a county the question of the removal of their county seat, and one section of the act imposed a forfeiture of certain vested rights in case the vote was against removal, it was held that this portion of the act being void, the whole must fall, inasmuch as the whole was submitted to the electors collectively, and the threatened forfeiture would naturally affect the result of the vote. In that case, it was said " that the provisions of the fifth section are such as would naturally influence the vote upon the adoption of the first and main section, and it would be a fraud upon the voters of Perry county to procure their adoption of the first section by means of the threatened penalties of the fifth, and then declare the fifth section void, but allow it to accomplish its purpose by giving vitality and effect to the first, which, without it, would never have been adopted."

In the case of *Slausen* v. *Racine*, 13 Wisconsin 398, the first section of the act in question provided that certain lands in Racine township, and adjacent to the city of Racine, should be annexed to the city, and then followed a provision that the farming and agricultural lands annexed should be exempt from certain taxes, and should be taxed for city and ward purposes at a different and less rate than other lands in the city. The latter provision being held unconstitutional, it was held that the whole statute must fail, inasmuch as such provision was clearly intended as a compensation for the annexation.

To enforce the provisions of sections 6 and 7 of the act of March 3, 1882, which authorized the town council to levy upon the property of the district outside of the corporate limits of the town a higher tax than could be levied under the general law, and not give its owners the benefit of the exemption from county school taxation provided for by section 6, would be to substitute for the act, which the General Assembly intended to pass, and which the voters intended to adopt, another act which, by itself,

the General Assembly may never have been willing to enact or the voters to accept.

We are of opinion, therefore, that sections 6 and 7 of the said act of March 3, 1882, are invalid so far as they apply to persons and property in the Cave City School District without the limits of the town of Abingdon; that the tax complained of was levied without authority of law, and should be perpetually enjoined.

The decree of the Circuit Court must be reversed and set aside, and this court will enter such decree as it should have entered.

*Reversed.*