# �export Richmond.

## LAMBERT v. SMITH, SERGEANT.

### MARCH 30, 1900.

1. CONSTITUTIONAL LAW—*Commissioners of Valuation—Appropriation of Public Money.*—The act approved March 5, 1900, entitled "An Act to provide for the appointment of commissioners of valuation, and defining their duties," carries with it an appropriation of public money, and not having been passed by an "aye and no" vote, duly recorded as required by Article X., section 11, of the Constitution, is null and void. The valid portion of the act cannot be separated from the invalid portion so as to give effect to the former, and hence the whole act is invalid.

Original application for a writ of *habeas corpus.* The plaintiff in error was fined by the Corporation Court of the city of Alexandria, for refusal to give information required by the act in controversy, and, failing to pay the fine, was committed to jail.

*Francis L. Smith, A. W. Armstrong, Causey, Jones & Woodward, Daniel Harmon, White, Tunstall & Thom, Charles S. Stringfellow, Munford & Anderson, Blackford, Horsley & Blackford, Daniel & Harper,* and *Christian & Christian,* for the petitioner.

*Attorney-General A. J. Montague, Hill Carter, R. Randolph Hicks,* and *George Pilcher,* for the respondent.

No opinion was delivered, but the following order was entered by the court:

Judgment.

" This day came again the parties by counsel, and the court
being of opinion that the act of the General Assembly entitled
'An act to provide for the appointment of commissioners of
valuation, and defining their duties,' approved March 5, 1900,
carries with it an appropriation of public money, and that
section 11, article 10, of the Constitution of the State provides
that, upon the passage of every such act, 'the vote shall be
determined by ayes and noes, and the names of the persons
voting for and against the same shall be entered on the jour-
nals of the respective houses, and a majority of all the members
elected to each house shall be necessary to give it the force
of a law;' and it appearing from the record that the vote was not
taken and entered as provided by said section; and the court
being of opinion that it cannot separate so much of the act as
appropriates money and hold it to be bad while maintaining the
validity of the rest of the law, but that, not having been passed
as required by section 11, article 10, above quoted, no part of
the act has the force of a law; and it appearing to the court
that the act aforesaid is null and void, by reason of its repug-
nance to the Constitution of this State, therefore it is considered
by the court that the said W. F. Lambert is illegally detained in
custody, and it is ordered that he be discharged."

*Petitioner discharged.*