# Richmond.

## BERTRAM v. COMMONWEALTH.

### November 19, 1908.

1. STATUTES—*Sufficiency of Title—Code—Prior Acts Incorporated Into Code.*—The Code of 1887 constitutes but one act, and was enacted by the legislature, with an appropriate title, in strict compliance with the Constitution. It expressly repealed all acts of a general nature in force at the time of its adoption, hence, as to offenses subsequently committed, it is immaterial whether the title of a prior act which had been incorporated in the Code as a part thereof was sufficient or not.

2. STATUTES—*Code of 1887—Title of Amendatory Acts—What May Be Placed Under Title.*—The title of an act amending the Code of 1887 is sufficient if it refers to the chapter and sections to be amended, and the body of the amendatory act is within its title if it is germane to the subject of the chapter referred to in the title.

3. CONSTITUTIONAL LAW—*Local or Private Acts—Acts Applicable to Whole State.*—A law which applies to the State at large and makes a violation of its provisions by any person a misdemeanor, punishable by fine, is in no sense a local, special or private law for the punishment of crime.

4. CONSTITUTIONAL LAW—*Act Constitutional in Part—Severable Provisions—Pharmacists—Special Privileges—Code, Chapter 78.*—If it be conceded that some portions of chapter 78 of the Code "regulating the practice of pharmacy" are unconstitutional on the grounds of special or exclusive rights, privileges or immunities afforded the "Virginia Pharmaceutical Association," these portions are severable from the provision which punishes as a misdemeanor the sale of poison by others than licensed pharmacists and the latter provision is a valid enactment, for a statute may be constitutional in one part and unconstitutional in another, and if the parts can be so separated as that each can stand as the will of the legislature, the good does not perish with the bad.

5. CONSTITUTIONAL LAW—*Validity of Statute—Who May Assail—Sale of Poisons—Registered. Pharmacists.*—A person not being a registered

Opinion.

pharmacist, indicted for selling poison by retail, cannot raise the objection that the "Virginia Pharmaceutical Association" is made the sole prosecutor of such offenses and entitled to a part of the fines imposed, as his rights are not affected thereby and he is not injured, since the limitation on the number of his prosecutors would enure to his benefit rather than to his injury. Courts will not listen to an objection made to the constitutionality of a law by a party whose rights it does not affect, and who has, therefore, no interest in defeating it.

Error to a judgment of the Circuit Court of Rockingham county affirming, on appeal, a judgment of a justice of the peace. Judgment for the Commonwealth. Defendant appeals.

*Affirmed.*

The opinion states the case.

*Sipe & Harris* and *H. W. Bertram*, for the plaintiff in error.

*Attorney General Wm. A. Anderson,* for the Commonwealth.

WHITTLE, J., delivered the opinion of the court.

This is a writ of error to a judgment of a justice of the peace of Rockingham county, affirmed on appeal to the circuit court, convicting the plaintiff in error, A. D. Bertram, of a misdemeanor, and imposing upon him a fine of $10 and costs.

The prosecution was had under chapter 78 of Va. Code, 1904; and the facts are undisputed, that Bertram, not being a registered pharmacist, sold by retail, carbolic acid, which was shown to be a deadly poison, as charged in the warrant.

The first and second assignments of error involve the contentions, that the title to the act on which the prosecution is founded (Acts of 1885-6, p. 405) embraces more than one object, and contains provisions not expressed in the title, and is consequently violative of art. v, sec. 15, of the former Constitution and void.

The original act bears the following title: *"An act to incorporate the 'Virginia Pharmaceutical Association' and to regu-*

*late the practice of pharmacy and to guard the sale of poisons in the State of Virginia."*

We are not disposed to admit that the title is amenable to the constitutional objections urged against it. The sections of the act relate to the main subject expressed in the title, and are germane to and not incongruous with the general purpose of the enactment. But whatever merit these assignments may have possessed with respect to the original act need not now be considered, since its provisions have been substantially incorporated in the Code of 1887, which expressly repeals all acts of a general nature in force at the time of its adoption. V. C., 1887, sec. 4202. The Code constitutes but one act, and the practical effect of sustaining the contention of the plaintiff in error would be to strike down the entire fabric.

In *Iverson Brown's Case,* 91 Va. 762, 21 S. E. 357, 28 L. R. A. 110, Judge Riely, at p. 775, of 91 Va. in delivering the opinion of the court, observes: "They (the laws contained in the Code of 1887) were collated, revised and digested under appropriate titles and chapters, and divided into sections, in pursuance of an act of the legislature, and then passed by it as one act under a proper title with the object of the act therein duly expressed: 'An act to revise, arrange, and consolidate into a Code the general statutes of the Commonwealth, approved May 16, 1887,' in strict compliance with the Constitution.

"It was not to amendments of general statutes thus consolidated into a Code that section 15 of article V of the Constitution was intended to apply, but it was aimed at the separate acts in their original enactment, when the opportunity existed for the evils and the mischief to be done which the constitutional provision was designed to prevent or defeat. It is not necessary, therefore, to do more, if so much, in amending and re-enacting or repealing any part of the Code, or adding thereto, than refer to the proper chapter and section thereof to be amended or repealed or added to, and adopt and express in the title of the amendatory act the number and subject of such

chapter, if the provision of such amendment by re-enactment or by additional section or sections is germane to the subject of the chapter. *Second German Building Association* v. *Newman,* 50 Md. 62; *Lankford* v. *Commissioners,* 73 Md. 105, 20 Atl. 1017, 22Atl. 412, 11 L. R. A. 491; *Heath* v. *Johnson,* 36 W. Va. 782, 15 S. E. 980; *Dogge* v. *State,* 17 Neb. 140, 22 N. W. 348; *State* v. *Barka,* 20 Neb. 375, 30 N. W. 267; *People* v. *Howard,* 73 Mich. 10, 40· N. W. 789, and *People* v. *Parvin* (Cal.), 14 Pac. 783." See also *Bank* v. *Holland,* 99 Va. 495, 39 S. E. 126, 55 L. R. A. 155, 86 Am. St. Rep. 898.

We have quoted at some length from the opinion of Judge Riely, because he was one of the revisors of the Code of 1887, and thoroughly acquainted with the philosophy of that excellent compilation; and also for the further reason that his lucid discussion of the subject furnishes a complete answer to the argument against the act in question.

Subsequent amendments are by reference to chapter and sections of the Code, and in other respects conform to requirement as pointed out by Judge Riely in his able opinion.

Lastly, it is insisted that the present statute (sections 1759 and 1766, Va. Code, 1904) is both a private and special law, enacted in the interest of a private corporation; that it denounces certain acts as misdemeanors affecting the interests of the "Virginia Pharmaceutical Association," and then undertakes to give "to the appointees of that private association the exclusive right to be the prosecutors of said crimes and the exclusive beneficiary in the penalty to the extent of one-half the fines imposed." These provisions, it is maintained, violate clauses 1 and 18, section 63, of the Constitution of 1902.

Clause 1 declares, that the general assembly shall not enact any local, special or private law for the punishment of crime; and clause 18, that it shall not grant to any private corporation, association, or individual, any special or exclusive right, privilege or immunity.

Upon the first proposition, the act is in no sense a local, special, or private law for the punishment of crime; because it applies to the State at large, and makes a violation of its provisions by any person a misdemeanor, punishable by fine.

With regard to the latter branch of the contention, it may be observed that the legislation is a reasonable and most essential exercise of the police power of the State, and was enacted in the interest of public health and safety. It is true, that in order to render the law more effective, the legislature has seen proper to designate the board of pharmacy of the State informer in all prosecutions arising under chapter 78. It is not necessary to decide whether that board, in relation to the duty imposed, discharges a private or public function within the meaning of the Constitution, or whether it possesses the exclusive right to set on foot prosecutions for violations of chapter 78; for if those features of the act be amenable to objection on constitutional grounds, they are separable provisions, which may be dispensed with without invalidating other parts of the statute; and the rule is well settled, that "A statute may be constitutional in some of its provisions and unconstitutional in others, but if the parts can be so separated as that each can stand as the will of the legislature, the good does not perish with the bad." *Trimble* v. *Com'th,* 96 Va. 818, 32 S. E. 786; *Homestead Cases,* 22 Gratt. 266, 12 Am. Rep. 507; *Wise* v. *Rogers,* 24 Gratt. 169; *Robertson* v. *Preston,* 97 Va. 296, 33 S. E. 618; *City of Danville* v. *Hatcher,* 101 Va. 523, 44 S. E. 723.

"Nor will a court listen to an objection made to the constitutionality of an act by a party whose rights it does not affect, and who has, therefore, no interest in defeating it." Cooley's Const. Lim. (7th ed.) 232; *Antoni* v. *Wright,* 22 Gratt. 833; *Speer* v. *Com'th,* 23 Gratt. 938, 14 Am. Rep. 164.

If it were conceded, therefore, that the board of pharmacy can alone institute prosecutions for violations of chapter 78, it is not perceived that the plaintiff in error would be injuriously

affected by such provision, since a limitation on the number of his prosecutors would enure to his advantage rather than to his injury.

For these reasons, the judgment under review must be affirmed.

*Affirmed.*