# CASES DECIDED

## IN THE

# Supreme Court of Appeals

## OF VIRGINIA

### Richmond.

BRECKENBRIDGE, ETC. V. COUNTY SCHOOL BOARD.

November 18, 1926.

1. STATUTES—*Emergency Clause—Section 53 of the Constitution of 1902—Local, Special or Private Laws.*—Section 53 of the Constitution of Virginia in regard to the taking effect of statutes in case of an emergency applies to local, special or private laws as well as to general laws.

2. STATUTES—*Emergency Clause—Section 53 of the Constitution of 1902—Statement of Ground of the Emergency.*—Under section 53 of the Constitution of 1902, in regard to the time of taking effect of statutes in case of an emergency, the ground of the emergency need not be stated.

3. STATUTES—*Act of 1926, Page 30, Authorizing County School Board of Botetourt County to Borrow Money and Issue its Bonds—Constitutionality.*—Acts of 1926, page 30, authorized the county school board of Botetourt county to borrow money and issue bonds for school purposes. The act further provided that after the issuance of the bonds, the supervisors should levy a special tax on property subject to local school taxation to provide for interest and sinking fund. It was argued that this act was unconstitutional under section 63 of the Constitution of 1902, because it provided for the assessment and collecting of taxes by a local or private statute. This is a misapprehension of the character of the statute. It is not a revenue statute, but a bond issue statute. It makes no provision for the assessment and collection of taxes. It only provides upon what the supervisors may make a levy, and leaves the subject of the assessment and collection of the levy to the general law on the subject. The statute does not contravene the provision of section 63 of the Constitution of 1902.

4. TAXATION—*Levy and Assessment Distinguished.*—There is a marked difference between making a levy and the assessment of property for the purpose of taxation. A levy is merely fixing the subject and the amount at which property is to be taxed. An assessment consists in listing the property and putting a value thereon to which the rate fixed by the levy is to be applied. It is *quasi* judicial.

5. CONSTITUTIONAL LAW—*Power of the Legislature—Constitution a Restraining Instrument—Restraints by Implication.*—It is the settled law of the State that, outside of the powers ceded to the Federal government, the power of the General Assembly to enact statutes is without limit, except as restrained by the Constitution of the State. The Constitution of the State is a restraining instrument and not a grant of power. If there be any restraints by implication, the restraint must be so necessary and so plainly manifest as to require the implication in order to enforce the restraints expressly imposed.

6. CAPITATION TAX—*Women—Constitution of 1902, Section 173.*—If there is any restraint in section 173 of the Constitution of 1902, on the power of the legislature to put a capitation tax on women it must be by necessary implication as none is expressed. Women are not mentioned in the section. But the fact that women were not in mind at the time this section of the Constitution was adopted, imposed no restraint on the powers of the legislature, and there is nothing in the section that by necessary implication restrains the legislature from imposing such tax. The legislature had the power, independent of the Constitution, to put any tax it saw fit on men and women too, and the constitutional provision is important only so far as it acted as a restraint on that power.

7. STATUTES—*Constitutionality—Valid in one Part and Invalid in Another—Case at Bar.*—An act may be valid in one part and invalid in another and if the valid part is separable from the remainder the invalid part may be ignored, if after such elimination the remaining portions are sufficient to accomplish their purpose in accordance with the legislative intent. It is only where the void portion of an act is the inducement to the passage of the act, or is so interwoven in the texture of the act as to prevent the statute from becoming operative, that the whole statute is invalid. Thus an act providing among other things for a capitation tax on male and female inhabitants of a county to provide for interest and sinking fund for school bonds would not be totally invalid because the legislature had no power to impose a capitation tax on women.

8. TAXATION—*Due Process of Law—Acts of 1926, Page 30, Authorizing Issuance of School Bonds by Botetourt County.*—The Acts of 1926, page 30, authorizing the school board of Botetourt county to borrow money and issue bonds for school purposes and provide for interest and sinking funds did not deprive the citizens of Botetourt county of their property without due process of law. The assessment and

collection of the tax was left to the general law, which makes ample provision for the correction of erroneous assessments.

9. STATUTES—*Special Acts—Authority of the Legislature.*—The legislature had power to pass a special act authorizing the supervisors of Botetourt county to borrow money and to issue bonds therefor for school purposes. Notwithstanding the same result might have been accomplished by a more dilatory process under a general law.

10. TAXATION—*Due Process of Law.*—Due process is not denied if the taxpayer is given the opportunity to question the validity or the amount of the tax,. either before the amount is determined or in subsequent proceedings for its collection.

Appeal from a decree of the Circuit Court of Botetourt county. Decree for defendant. Complainants appeal.

*Affirmed.*

The opinion states the case.

*H. S. Reid,* for the appellants.

*Wm. R. Allen, Benjamin Haden, Leake & Buford,* and *Thos. L. Preston,* for the appellee.

BURKS, J., delivered the opinion of the court.

The sole question involved in this case is the constitutional validity of the statute quoted in the margin.* It is assailed as in contravention of sections

* "An act authorizing the county school board of Botetourt county to borrow money, not in excess of $250,000. and to issue its bonds therefor, to be used for the construction and permanent improvement of public school property in the county of Botetourt, and requiring the board of supervisors of said county annually to levy taxes to pay the interest thereon, and to create a sinking fund to redeem the principal thereof at maturity. Approved February 17, 1926.

"1. Be it enacted by the General Assembly of Virginia, that the county school board of Botetourt county is hereby authorized to borrow, from time to time, sums of money not exceeding two hundred and fifty thousand dollars in the aggregate, and from time to time to issue its bonds therefor, the said bonds to be issued in such denomination and to be payable at such time or times, not exceeding thirty years from the date thereof, as the said board may provide; they shall bear interest at not exceeding six per cent per annum, and shall not be sold for less than par.

"2. The bonds issued by the said school board in pursuance of this

53, 63 and 173 of the State Constitution, as well as the "due process" clauses of the Federal and State Constitutions. The sections enumerated are quoted in the margin.†

[1, 2] Objection is made to the statute under section 53 of the Constitution, because the ground of the emergency is not stated. It is argued that section 53 of the Constitution of Virginia only applies to "general laws" and not to local, special or private laws. The Constitution makes no such restriction. Section 53 applies to both alike. This section of the Constitution was fully considered and construed in *City of Roanoke* v. *Elliott*, 123 Va. 393, 96 S. E. 819, holding that the ground of the emergency need not be stated. No further discussion is necessary.

[3, 4] Under section 63 of the Constitution, it is argued that the statute provides for the assessment and collecting of taxes, and that this cannot be done by a local or private statute. This is a misapprehension of the character of the statute. It is not a revenue statute, but a bond issue statute. It makes no pro-

---

act shall be under the seal of the school board and signed by the chairman and countersigned by the clerk of the school board, and the proceeds shall be used for the construction and permanent improvement of public school property in the county of Botetourt. The bonds shall constitute the general obligations of the county, and shall be a lien on all of the public school property in the said county.

"3. After the issuance of the bonds provided for in this act, the board of supervisors of Botetourt county shall annually levy a special tax on all the property subject to local school taxation in the said county, sufficient to pay the interest on said bonds, and to create a sinking fund to redeem the principal thereof at maturity; provided, however, that the board of supervisors may, in order to reduce the rate of such annual special property tax, levy a capitation tax of not exceeding one dollar per annum on every male and female resident of the said county not less than twenty-one years of age, except those pensioned by this State for military services, and devote the revenue derived from such capitation tax to the interest and sinking fund requirements of this act.

"4. An emergency existing, this act shall be in force from its passage." Acts 1926, chapter 20.

†Section 53. "No law, except a general appropriation law, shall take effect until at least ninety days after the adjournment of the session of the General Assembly at which it is enacted, unless in case of an emergency (which emergency shall be expressed in the body of the bill), the General

vision for the assessment and collection of taxes. It only provides upon what the supervisors may make a levy, and leaves the subject of the assessment and collection of the levy to the general law on the subject. There is a marked difference between making a levy and the assessment of property for the purpose of taxation. A levy is merely fixing the subject and the amount at which property is to be taxed. An assessment consists in listing the property and putting a value thereon to which the rate fixed by the levy is to be applied. It is *quasi* judicial. The statute does not contravene the provision of section 63 of the Constitution. *County of Sussex* v. *Jarrett*, 129 Va. 672, 106 S. E. 384.

[5, 6] It is the settled law of this State that, outside of the powers ceded to the Federal government, the power of the General Assembly to enact statutes is without limit, except as restrained by the Constitution of the State. The Constitution of the State is a restraining instrument, and not a grant of power. If there be any restraints by implication, the restraint

Assembly shall otherwise direct by a vote of four-fifths of the members voting in each house, such vote to be taken by the yeas and nays, and the names of the members voting for and against entered on the journal."

Section 63. "* * The General Assembly shall not enact any local, special or private law * * for the assessment and collection of taxes * * *"

Section 173. "The General Assembly shall levy a State capitation tax of, and not exceeding, one dollar and fifty cents per annum on every male resident of the State not less than twenty-one years of age, except those pensioned by this State for military services; one dollar of which shall be applied exclusively in aid of the public free schools, in proportion to the school population, and the residue shall be returned and paid by the State into the treasury of the county or city in which it was collected, to be appropriated by the proper county or city authorities to such county or city purposes as they shall respectively determine; but said State capitation tax shall not be a lien upon, nor collected by legal process from, the personal property which may be exempt from levy or distress under the poor debtor's law. The General Assembly may authorize the board of supervisors of any county, or the council of any city or town, to levy an additional capitation tax not exceeding one dollar per annum on every such resident within its limits, which shall be applied in aid of the public schools of such county, city or town, or for such other county, city or town purposes as they shall determine."

must be so necessary and so plainly manifest as to require the implication in order to enforce the restraints expressly imposed. If, therefore, there is any restraint in section 173 of the Constitution on the power of the legislature to put a capitation tax on women, it must be by necessary implication, as none is expressed.

This section is mandatory in requiring a capitation tax of not exceeding $1.50 on men for State purposes. It is permissive in allowing a further tax on men for local purposes. It is restrictive in limiting the latter tax to $1.00. Except for the restrictive provision, the legislature might have authorized a tax for any amount for local purposes. Women are not mentioned in the section, doubtless for the reason that they did not have the elective franchise when the Constitution was proclaimed, and it was not then foreseen that they would thereafter have it. But there is no inhibition on the imposition of such a tax on women. The power of the legislature was left unrestrained in that respect, and when the voting power was conferred on them, there was no reason why the legislature should not impose a capitation tax on them. The fact that women were not in mind at the time did not *per se* impose any restraint on the powers of the legislature, and the exercise of that power is not inconsistent with nor repugnant to the restrictive provision as to men. Both can stand together. Whether or not a greater tax may be imposed upon women than upon men is not a question for our decision, is not likely to arise, and it will be time enough to decide it when, if ever, it does arise. The legislature had the power, independent of the Constitution, to put any tax it saw fit on men and women too, and the constitutional provision is important only so far as it acted as a restraint on that power.

[7] The statute in question is not inhibited by section 173 of the Constitution. But even if the tax on women were inhibited, it would not affect the validity of the rest of the statute. If it were omitted altogether, the residue of the statute would be complete in itself, adequate to accomplish the manifest purpose of the legislature, and in no wise dependent upon the part omitted. The omitted clause is a mere incident of a proviso in the statute. It is plain that it was not an inducement to its passage, nor so connected with or related to its other provisions that but for its insertion the statute would not have been enacted. Where this is true, the maxim *utile per inutile non vitiatur* is applied. *Robertson* v. *Preston,* 97 Va. 296, 33 S. E. 618.

In *Strawberry* v. *Starbuck,* 124 Va. 71, 77, 97 S. E. 362, 364, it is said: "In this case the trial court held unconstitutional so much of section 2 of the act as provided for the payment of preliminary costs by the board of supervisors of the county, in the circuit court in which the petition was filed; and it is claimed that because of this the whole act is invalid. We cannot agree with this view. The rule is that an act may be valid in one part and invalid in another, and if the invalid is separable from the remainder, the invalid part may be ignored, if after such elimination the remaining portions are sufficient to accomplish their purpose in accordance with the legislative intent; and that only if the void portion is the inducement to the passage of the act, or is so interwoven in its texture as to prevent the statute from becoming operative in accordance with the will of the legislature, is the whole statute invalid. *Trimble's Case,* 96 Va. 818, 32 S. E. 786; *Robertson* v. *Preston,* 97 Va. 300, 33 S. E. 618; *Lambert* v. *Smith,* 98 Va. 268, 38 S. E. 938; *Danville* v. *Hatcher,* 101 Va. 523, 44 S. E. 723; *Campbell* v. *Bryant,* 104 Va. 509, 52 S. E. 638."

In *Town of Narrows* v. *Giles County*, 128 Va. 572, 588, 105 S. E. 82, 87, in speaking of section one of the act which was held to be unconstitutional, it was said: "That this part of section one is readily separable from the residue of the chapter and that such residue is complete in itself and in no wise dependent upon the part to be stricken out. In *Robertson* v. *Preston*, 97 Va. 296, 33 S. E. 618, it was held that where a part of an act of Assembly is unconstitutional that fact alone does not authorize the courts to declare the other provisions of the act void unless they are so connected in subject matter depending on each other, operating for the same purpose, or otherwise so connected together in meaning, that it cannot be presumed that the General Assembly would have enacted the one without the other, and further that if an act attempts to accomplish two or more objects and is unconstitutional as to one, it may still be complete in all respects and valid as to the other, and if so the latter will be upheld. To the same effect see *Trimble* v. *Com'th*, 96 Va. 818, 32 S. E. 786; *Cahoon* v. *Iron Gate*, 92 Va. 367, 23 S. E. 767; *Bertram* v. *Com'th*, 108 Va. 902, 62 S. E. 969, and cases cited. The residue of the charter of the town of Narrows is not void on account of the unconstitutional provision contained in section one."

[8, 9, 10] Finally, it is argued that the act deprives the citizens of Botetourt county of their property "without due process of law." It is not perceived how. The General Assembly legislates for the entire State and every political subdivision thereof. It had power to pass the special act notwithstanding the same result might have been accomplished by a more dilatory process under a general law. No vote of the people was necessary to the validity of the bond issue. The

assessment and collection of the tax was left to the general law, which makes ample provision for the correction of erroneous assessments and the pendency of this suit to enjoin the collection of the tax is a demonstration of the fact that an opportunity is afforded to question the validity of the act. Due process is not denied if the taxpayer is given the opportunity to question the validity or the amount of the tax, either before the amount is determined or in subsequent proceedings for its collection. *Wilburn* v. *Raines*, 111 Va. 334, 68 S. E. 993; *Commonwealth* v. *Carter*, 126 Va. 469, 102 S. E. 58; *Brophy* v. *Commonwealth*, 134 Va. 250, 114 S. E. 782; Code, section 2389; *Winona Land Co.* v. *Minnesota*, 159 U. S. 526, 16 S. Ct. 83, 40 L. Ed. 247.

We find no error in the decree of the trial court and it will be affirmed.

*Affirmed.*