# Richmond

## Harry W. Porter, et al. v. Barnard O. Joy, et al.

January 10, 1949.

Record No. 3408.

Present, Hudgins, C. J., and Gregory, Eggleston, Buchanan, Staples and Miller, JJ.

*George E. Allen* and *Ralph T. Catterall*, for the appellants.

*Frank L. Ball, Wm. D. Medley, Edmund D. Campbell, Griffin T. Garnett, Jr., Denman T. Rucker, Paul D. Brown, Lawrence W. Douglas* and *Alfred W. Trueax*, for the appellees.

STAPLES, J., delivered the opinion of the court.

This is an appeal from a declaratory judgment of the Circuit Court of Arlington County sustaining the validity of Chapter 61 of the Acts of the Extra Session of the General Assembly of 1947. The act in question is an amendment to the Code of Virginia, adding thereto a new section numbered 2773-i 2. By Chapter 167, page 450, of the Acts of 1930, fourteen new sections had been added to the Code numbered 2773a to 2773n. These sections authorize a

plan of county manager form of government for any county having an average population of five hundred inhabitants or more to the square mile. In order to become effective, the plan must be adopted by a majority of the qualified voters of the county at a referendum election, and pursuant thereto it was so adopted for Arlington County.

In 1928 the Virginia Constitution had been amended by a provision contained in section 110, which authorized the General Assembly to provide a plan of this type, even though in conflict with certain other provisions of the Constitution which prescribe the usual form of government for the counties generally.

The county manager plan now in effect in Arlington County is materially different from the ordinary pattern of government in Virginia counties. It provides for a county board of five members, elected at large, and abolishes the office of county treasurer as well as magisterial districts. The county board is granted board powers over commissions, offices, and other boards, and, in appropriate cases, may abolish any of them. Extensive duties are imposed upon the county manager. There are many other differences, but, for our purposes, the foregoing are sufficiently illustrative of the wide departures which have been made from the usual structure of county governments.

The effect of the act here challenged, which has been adopted by a majority of the voters in Arlington County, is to change the method of selection of its county school board. Instead of being appointed by the school trustee electoral board as theretofore, the act provides for the election of the members by the qualified voters of the county. The appellants, who were plaintiffs in the circuit court, are the members of the old school board which was appointed by the trustee electoral board. The appellees are the members of the new school board who were elected by popular vote, and, in addition, certain county officers who were granted leave to intervene.

The appellants assert that Chapter 61, which permits the election of the school board by popular vote, is uncon-

stitutional and void. They contend, therefore, that the appellee members of the school board who were elected by the voters of Arlington County are not *de jure* members, but that they, the appellants, who were previously appointed, are still entitled to hold their offices.

The appellants challenge the statute on the ground, first, that it is in violation of section 63 of the Constitution. This section provides that "The General Assembly shall not enact any local, special or private law * * * for conducting elections or designating the places of voting."

It is the position of the appellants that, since the 1947 act adds to the county manager plan the new provision permitting the election of members of the school board by the qualified voters of the county, it is a law "for conducting elections." They say that we have heretofore so held in the case of *Quesinberry* v. *Hull*, 159 Va. 270, 165 S. E. 382. We cannot agree. The legislation there involved consisted of an amendment to a general law, section 4988 of the Code, which provided for the appointment by the judge of the circuit court of a trial justice for all counties having a population of six thousand inhabitants or more. The amendment thereto, which was enacted by the General Assembly, consisted of adding to the Code section the following:

"* * * provided, that in the county of Carroll, at the general election in November, nineteen hundred and twenty-eight, and every four years thereafter, there shall be elected by the duly qualified voters of the county, a trial justice whose term of office shall be four years beginning the first day of January next following his election. * * *." (159 Va. at page 273.)

The validity of that amendment was questioned on the ground that it violated section 64 of the Constitution, which provides in part as follows:

"Any general law shall be subject to amendment or repeal, but the amendment or partial repeal thereof shall not operate directly or indirectly to enact, and shall not have the effect of the enactment of, a special, private, or local law."

We held that the amendment had the effect of putting Carroll County in a class by itself, and was therefore, in effect, a local or special law unless "some sort of reason for that classification" appears which would render it a general law. We said further: "There is no basis for it" (the classification) "in the record and we know of nothing out of the record which can sustain it. Nowhere and from no direction is there light. It is earmarked neither by statistics nor by location." It was, therefore, held that the amendment placing Carroll County in a separate class was, in effect, the enactment of a special or local law, that it violated section 64 of the Constitution, and was, therefore, invalid.

The contention of the appellants that *Quesinberry* v. *Hull, supra,* held that the provision of the amendment authorizing the election of a trial justice in Carroll County was a law "for conducting elections" is therefore untenable. It is true that one of the grounds of attack upon the validity of the amendment was that it was a local or special law "for conducting elections," and, therefore, in violation of section 63 of the Constitution. But the amendment having been declared invalid in the opinion of this court because of the violation of section 64, as above stated, it became unnecessary to consider the further question, whether it also violated section 63. The question therefore was not discussed in the opinion, nor was it decided.

The appellees insist that the 1947 statute here under consideration cannot be considered a "law for conducting elections." In their brief they present the following argument as to the purpose and effect of the provision in section 63:

"The section merely forbids local law for conducting elections and designating the places of voting. This refers to the manner in which an election is conducted. There are many general provisions concerning elections such as preparation of the ballots, the marking of the same, keeping of the ballot boxes, the keeping of poll lists, the opening and counting of the ballots and numerous other provisions

for the secrecy and safety of elections. The framers of the Constitution wanted to make certain that these general provisions should not be interrupted or interfered with by local laws permitting a man to mark a ballot by one method in one county and another in another or permitting one type of ballot in one and another in another or having different regulations touching on any of the essential matters concerning an election in different parts of the state."

The position of the appellees is well taken. To permit a local law which would confer upon a county the authority to set up its own regulations with respect to the time of opening and closing of the polls, the selection of the judges of election, and the many other matters relating to the conduct of elections, would be obviously undesirable. It seems clear that it was to avoid the evils which might flow therefrom that the provision forbidding such local regulations of elections was embraced in section 63 of the Constitution. It clearly was not intended as a restriction upon the power of the General Assembly to provide what offices in a county should be filled by election. This would have no appreciable effect upon the manner in which the election is conducted.

The appellants also challenge the validity of Chapter 61 of the Acts of 1947 on the ground that it violates the provisions of section 64 of the Constitution, *supra*, prohibiting any amendment of a general law which operates directly or indirectly to enact, or has the effect of the enactment of, a special, private, or local law.

Chapter 61 here involved did not amend any particular Code section, or any particular statute. It was an amendment to the Code of Virginia as a whole, by adding thereto a new section. It is true that the effect of the act was to amend the general plan of the county manager form of government. This, however, would be true of any act which effected any substantial change in that plan. The sections of the Code which provide for and formulate that plan are themselves general laws. We know of no provision in our Constitution which would have prohibited the

General Assembly from including the provisions of Chapter 61 in the original plan. The act does not have the effect of imposing upon a county the change thereby authorized in the form of government, but expressly provides that its provisions shall not be effective unless approved by a majority of the qualified voters of a county which has adopted or shall hereafter adopt the county manager plan. On the other hand, the provisions of the act are applicable to *every* county which has adopted, or may hereafter adopt, the county manager plan in question, provided its qualified voters approve this method of selection of members of the school board. The provisions of the act have become an integral part of the general law embraced in the Code sections providing for the plan. It cannot, therefore, be said to be, either in form or effect, a special, private, or local law.

Other questions have been ably discussed in the oral argument and briefs for both appellants and appellees, but, in the view we have taken of the case, it is unnecessary to pass upon them.

The judgment of the circuit court is affirmed.

*Affirmed.*